ORIGINAL
7/13/11
8pm

# CIRCUIT COURT
# OR
# DISTRICT COURT OF MARYLAND
# DISTRICT I
# BALTIMORE CITY

Operations Bureau
**Application for Search and Seizure Warrant**
Police Department Form 84/188

    To the Honorable Judge ___Freedman___ of the District Court of Maryland the undersigned being duly sworn deposes and says that he has reason to believe that:

On the premises known as **7 Rosecrans Place Apartment 1-D Nottingham, Maryland 21236.**
In the State of Maryland there is now being concealed certain property, namely; CERTAIN CONTROLLED DANGEROUS SUBSTANCES, PARAPHERNALIA, MONIES, RECORDS, FIREARMS, AND ANY OTHER ASSETS GAINED FROM SUCH ILLEGAL OPERATIONS.

Which is (are) (in violation of the Laws of Maryland)(Evidence relating to the commission of a crime) Pertaining to
<u>Criminal Code of Maryland sections 5-101 through 5-1001.</u>

And the facts tending to establish grounds for the issuance of Search Warrant are set forth in the Affidavit(s) attached thereto and made thereof. Wherefore, your affiant prays that a Search and Seizure Warrant be issued for said premise.

                                                    _____
                                                  Detective William A. Bearde

Sworn to me and subscribed to in my presence this __13__ day of __July__, 2011.

                                                  _Karen Freedman_____
                                                      Judge

1

**EXHIBIT 1**

**CIRCUIT COURT**
**OR**
**DISTRICT COURT OF MARYLAND**
**DISTRICT I**
**BALTIMORE CITY**

Operations Bureau
**Application for Search and Seizure Warrant**
Police Department Form 84/188

    To the Honorable Judge __Friedman__ of the District Court of Maryland the undersigned being duly sworn deposes and says that he has reason to believe that:

On the premises known as **4913 Sinclair Lane** In the State of Maryland there is now being concealed certain property, namely;
CERTAIN CONTROLLED DANGEROUS SUBSTANCES, PARAPHERNALIA, MONIES, RECORDS, FIREARMS, AND ANY OTHER ASSETS GAINED FROM SUCH ILLEGAL OPERATIONS.

Which is (are) (in violation of the Laws of Maryland)(Evidence relating to the commission of a crime) Pertaining to
<u>Criminal Code of Maryland sections 5-101 through 5-1001.</u>

And the facts tending to establish grounds for the issuance of Search Warrant are set forth in the Affidavit(s) attached thereto and made thereof. Wherefore, your affiant prays that a Search and Seizure Warrant be issued for said premise.

_/s/ William A. Bearde_
Detective William A. Bearde

Sworn to me and subscribed to in my presence this __13__ day of __July__, 2011.

_/s/ Karen Friedman_
**Judge**

8 pm

**CIRCUIT COURT
OR
DISTRICT COURT OF MARYLAND
DISTRICT I
BALTIMORE CITY**

Operations Bureau
**Application for Search and Seizure Warrant**
Police Department Form 84/187

To: Any Police Officer

     Affidavit having been made before me by Detective Shane Lettau, said Affidavit being incorporated by references into this warrant and made part thereof, that he
has reason to believe:

On the premises known as **7 Rosecrans Place Apartment 1-D Nottingham, Maryland 21236.**

Located in the State of Maryland there is now being concealed certain property, namely; CERTAIN CONTROLLED DANGEROUS SUBSTANCES, PARAPHERNALIA, MONIES, RECORDS, FIREARMS, AND ANY OTHER ASSETS GAINED FROM SUCH ILLEGAL OPERATIONS. In violation of the Laws of Maryland
Which is (are) evidence relating to the commission of a crime; pertaining to Criminal Code of Maryland sections 5-101 through 5-1001.

And I am satisfied that there is probable cause to believe that the property so described is being concealed on the (premises) above described and that the forgoing grounds for application for issuance of the search warrant exist.
You are therefore commanded, with the necessary and proper assistants, to search forthwith the (premise) herein described for the property specified, executing this warrant and making the search; and if the property be found there, to seize it; and if upon execution of the warrant, there are found persons then and there engaged in the commission of a crime, arrests those so participating; leaving a copy of this warrant with an inventory of the property seized and returning copy of said warrant and inventory, if any, to me within ten days after execution of this warrant; or, if not served, to return this warrant to me promptly but not later than five days after this expiration, as required by law.

Dated this _13_ day of _July_, 2011.

SIGNED _Karen Friedman_
JUDGE
8pm

3

# CIRCUIT COURT
# OR
# DISTRICT COURT OF MARYLAND
# DISTRICT I
# BALTIMORE CITY

Operations Bureau
**Application for Search and Seizure Warrant**
Police Department Form 84/187

To: Any Police Officer

Affidavit having been made before me by Detective Shane Lettau, said Affidavit being incorporated by references into this warrant and made part thereof, that he
has reason to believe:

On the premises known as 4913 Sinclair Lane Baltimore, Maryland 21206.

Located in the City of Baltimore there is now being concealed certain property, namely; CERTAIN CONTROLLED DANGEROUS SUBSTANCES, PARAPHERNALIA, MONIES, RECORDS, FIREARMS, AND ANY OTHER ASSETS GAINED FROM SUCH ILLEGAL OPERATIONS. In violation of the Laws of Maryland
Which is (are) evidence relating to the commission of a crime; pertaining to Criminal Code of Maryland sections 5-101 through 5-1001.

And I am satisfied that there is probable cause to believe that the property so described is being concealed on the (premises) above described and that the forgoing grounds for application for issuance of the search warrant exist.
You are therefore commanded, with the necessary and proper assistants, to search forthwith the (premise) herein described for the property specified, executing this warrant and making the search; and if the property be found there, to seize it; and if upon execution of the warrant, there are found persons then and there engaged in the commission of a crime, arrests those so participating; leaving a copy of this warrant with an inventory of the property seized and returning copy of said warrant and inventory, if any, to me within ten days after execution of this warrant; or, if not served, to return this warrant to me promptly but not later than five days after this expiration, as required by law.

Dated this ___13___ day of ___July___, 2011.

SIGNED _Paula Friedman_
JUDGE
6pm

# AFFIDAVIT

## I. Purpose of the Affidavit

This Affidavit is submitted in support of a search and seizure warrant pertaining to violations of the Controlled Dangerous Substance laws, Criminal Code CR 5-101 through CR 5-1101 of the Criminal Law Article of Maryland. Because this Affidavit is being submitted for this limited purpose, your Affiant has not included every detail of the investigation that has been conducted to date. Rather, your Affiant has set forth only those facts that your Affiant believes are necessary to establish probable cause. Your Affiant has not, however, excluded any information known to your Affiant that would defeat a determination of probable cause. The information contained in this Affidavit is based upon your Affiant's personal knowledge, a review of documents and other evidence, and conversations with other law enforcement officers and other individuals. All conversations and statements described in this Affidavit are related in substance and in part unless otherwise indicated.

## II. Premises to be Searched

The premises to be searched, is as follows: **4913 Sinclair Ln, Baltimore, Maryland 21206**, a two story dwelling, with a black security door and a white front door and the numbers "4913" clearly displayed.

The premises to be searched, is as follows: **Apartment 1 D 7 Rosecrans Place, Nottingham, Maryland 21236**, an apartment complex, with the number 7 on the outer most part of the building.

## III. Affiant

Your Affiant, Detective William A. Bearde, has been a sworn member of the Baltimore City Police Department since 2002. Your affiant is currently assigned to the DEA as a Task Force officer. During this time, your affiant has authored multiple wire tap affidavits and has debriefed numerous CDS distributors. During this time, your affiant has arrested or been

Judge Initials ____

7/13/11

8pm

5

involved in the arrest of over 500 persons for violations of the Maryland Controlled Dangerous Substance Laws, hereinafter referred to as CDS, resulting in numerous convictions and seizures of narcotics and narcotic related paraphernalia. Your affiant had been involved in the preparation and/or execution of over 50 search and seizure warrants. Your affiant successfully attended the Baltimore Police Academy, completing twenty-six weeks of training, including a forty hour block of specialized training within the areas of identification, packaging and distribution of CDS within Baltimore City. Your affiant also attends in-service training sessions with the Baltimore Police Department where your affiant receives yearly additional training regarding Controlled Dangerous Substances, their identification, and current distribution patterns. Your affiant has taken enhanced training courses focusing on the Distribution, Packaging, Identification, and Case Law of CDS. Your affiant has become familiar with the language, terminology, and street slang used by persons who purchase and distribute CDS. Your affiant has also become familiar with the prices as well as the packaging and paraphernalia used to distribute and manufacture CDS. Your affiant has conducted numerous surveillances of narcotic transactions and conducted hundreds of hours of narcotics traffickers and has observed the actual sale of CDS items on the streets of Baltimore City. During these observations, thousands of narcotics transactions have been observed and as a result, your affiant has been able to affect the arrest of those person involved and has seized the suspected CDS items. Your affiant has also had the opportunity to interview street level, mid level, and narcotics distributors along with the common narcotics user, which greatly assisted with the insight into the narcotics trade and its street level and mid level distribution patterns. Your affiant has received specialized training from the Baltimore Police Department regarding firearms. You affiant has actively participated and made observations of armed subjects on the streets of Baltimore and as a result of this participation and observations your affiant has arrested or been involved in the arrest numerous persons for violations of the States and Federal Firearms Laws. Your affiant has testified as an expert witness in Baltimore City and Baltimore County Circuit Courts, District Courts and Federal Court to the identification, packaging, and sale of CDS.

    Based upon your Affiant's training, experience and participation in this and other investigations involving CDS and firearms, as well as conversations with other agents, your

Judge Initials _____

6

Affiant knows the following:

a) That drug traffickers often maintain on hand large amounts of both CDS and currency in order to maintain and finance their ongoing drug business, as well as paraphernalia used in the manufacture, packaging, preparation, and weighing of CDS in preparation for trafficking, and that drug traffickers maintain these items where they have ready access to them;

b) That drug traffickers often maintain firearms and ammunition in connection with their drug-trafficking activities, and that drug traffickers maintain these items where they have ready access to them;

c) That drug traffickers often maintain financial records and financial instruments related to their drug transactions and the profits derived from those transactions including, but not limited to, currency, bank checks, cashier's checks, Western Union receipts, money orders, stocks, bonds, jewelry, precious metals, and bank and real estate records;

d) That drug traffickers frequently maintain records of their drug transactions including, but not limited to, books, ledgers, records and other documents relating to the manufacture, transportation, possession, and distribution of CDS. Such documents are frequently maintained where the traffickers have ready access to them, including in their residences;

e) That drug traffickers frequently maintain books, records and other documents that identify and contain the names, addresses and/or telephone or pager numbers of associates in their drug-trafficking or money-laundering activities, including, but not limited to: address books, telephone books, rolodexes, and notes reflecting telephone and pager numbers, documents or other records relating to state court proceedings involving other co-conspirators, and audiotape recordings of conversations, including those made over telephone answering machines;

f) That drug traffickers commonly use and carry telephones, pagers and/or personal digital assistants that store names, addresses, telephone numbers, and codes of co-conspirators;

g) That drug traffickers commonly take or cause to be taken photographs and videos of themselves, their associates, their property and/or assets, and their drugs;

h) That drug traffickers commonly maintain identification and travel documents, including, but not limited to, tickets, transportation schedules, passports, notes and receipts

Judge Initials _KF_

7/13/11

5 pm

7

related to travel, luggage tags, and motel/hotel receipts;

    i) That drug traffickers commonly use vehicles to move quantities of drugs and currency to other locations for storage and further distribution and use, and that drug traffickers often rent vehicles instead of using their own to prevent their own vehicles from being seized by law enforcement officials;

    j) That drug traffickers often place communications devices, vehicles and other assets in names other than their own to avoid detection of these items by law enforcement officials, and that even though these items are in another entity's or person's name, the drug dealers actually own and continue to use these devices and assets and to exercise dominion and control over them;

    k) That individuals who possess illegal firearms often maintain items associated with firearms, such as ammunition and items used to clean and maintain those firearms;

    l) That drug traffickers and possessors of illegal firearms commonly maintain the foregoing items where they have ready access to them, such as inside their homes and vehicles;

    m) That indicia of occupancy, residency and/or ownership of the premises to be searched are often present in such premises; and

    n) That drug traffickers and possessors of illegal firearms commonly maintain the foregoing items inside combination or key-lock safes or strong boxes, suitcases, storage lockers, safety deposit boxes, locked cabinets and other types of locked or closed containers, and hidden compartments, for ready access and to conceal them from law enforcement authorities.

### IV. Probable Cause

The following facts are either known to your Affiant through personal observations or have been obtained through reliable confidential sources, law enforcement reports and/or directly from other law enforcement officers.

Judge Initials

8

During the fourth week of June 2011, Det McShane received information from a confidential source (hereafter referred to as CS) that an individual that goes by the name of Daniel Blue aka "BLUE" distributes large amounts of "Raw Heroin" to an individual named Claude Townsend aka " Choke". CS was asked if he/she knew where Townsend resided at. CS advised that he lived on N. Curley Street. CS then accompanied your affiant and Sgt. Gialamas in a covert vehicle and directed your affiant to the 700 block of N. Curley Street. CS then pointed to 715 N. Curley Street and advised that is where Townsend lives. CS then placed a call to Townsend and advised that he/she wanted to purchase 50 CD's. CS advised your affiant that CD's was a code word that he/she used to describe the amount of heroin that he/she wished to purchase from Townsend. Townsend advised CS that he would call him right back. Your affiant began to make covert observations of 715 N. Curley Street. Townsend called CS back and advised that he would be ready to meet CS in fifteen minutes. Approximately (14) fourteen minutes later your affiant observed Townsend exit from 715 N. Curley Street and walk to the corner of E. Madison and N. Curley Street where Townsend meet with a male later identified BLUE. Det. McShane then observed BLUE hand Townsend a large brown object. Townsend then placed the object in his left hand pants pocket. BLUE then entered a gold Honda Accord bearing MD registration 3FSF80 and drove from the area before Law Enforcement could stop and arrest BLUE. Townsend then immediately phoned the CS and advised he was good and to stop by. CS advised your affiant that Townsend in the past would call CS once he was in possession of the heroin that he had obtained for CS. Based on CS information and Det. McShane's observations law enforcement entered the 700 block of N. Curley street and placed Townsend under arrest. Search incident to arrest recovered from Townsend's front left hand pants pocket was a plastic bag inside of a piece of bread that contained a brown substance of suspected heroin. The suspected heroin was in shape, color, texture and smelled identical to heroin that your affiant has seized in the past. The incident was recorded under Baltimore City complaint number 113F14125.

It was determined that Blue had a court hearing on July 13, 2011 at 1400 E North Ave at District Court. Surveillance was established in the area. BLUE was observed entering the courthouse. Your affiant located BLUE'S vehicle at the intersection of E. Lafayette Ave and N.

Judge Initials KF
7/13/11
8PM

9

Caroline Street. Surveillance was maintained on the vehicle. Once Mr. Blue left the court house Mr. Blue walked south bound to the intersection of E Lafayette Ave and N Caroline St where Mr. Blue entered the driver's door of the gold Honda Accord MD registration 3FSF80 accompanied by a black male later identified as Mr. Powell. Your affiant along with Det's McShane and Crystal was able to follow Blue to Fox Hall Apartments where Mr. Blue pulled onto Rosecrans Place. Blue then exited the vehicle and entered building 7. Powell remained in the passenger seat. After approximately 5 minutes Det. McShane observed BLUE exit from the building 7 carrying a white container in his hand. Blue then entered the driver's door and left the apartment complex.

Your affiant and Det's McShane and Crystal continued observations on Blue who began to drive around Lake Montebello; once Blue passed the entrance of Lake Montebello he pulled the vehicle over. The Lake Montebello area is a known location where drug dealers and suspected buyers meet to conduct illegal narcotics transactions through experience of your affiant. Blue then exited the vehicle and while walking across the playground Blue was looking in all directions in a nervous manner. Blue began to walk towards the direction of an individual wearing a white t-shirt, gray shirts, and a bald head later identified as Jamar Holt. Blue and Holt began to engage in what appeared to be a conversation. Blue and Holt began to walk towards a dark colored Jeep Cherokee bearing MD registration 1AH2150. BLUE continued to scan the area and look in the direction of passing vehicles. Blue entered the front passenger door and Holt entered the driver's door. The vehicle then began to drive around Lake Montebello. Your affiant was able to make observations while the vehicle was in travel. Once the vehicle reached the entrance of Lake Montebello Holt stopped the vehicle and Blue exited. Blue again scanned the area in a nervous manner while walking to his vehicle. Holt then drove from the area. Based on observations it was determined that Holt would be stopped and arrested. Blue was not followed.

Holt was followed to the 1400 block of Fillmore Street where Det's McShane and Crystal conducted a traffic stop by activating their emergency lights. Det McShane exited his vehicle and approached the Jeep from the front and advised Holt to show his hands. As Det Crystal approached the Jeep from driver's side he observed Holt raise a black handgun and point

Judge Initials _KF_

it in the direction of Det. McShane. Det. Crystal yelled "gun" to alert Det. McShane and your affiant that Holt was armed. Det Crystal fearing for his life and other police Det. Crystal discharged his duty service weapon at Holt. The driver then attempted to run Det McShane over with the vehicle. Det. McShane fearing for his life began to discharge his service weapon at Holt. Holt then fled from the area at a high rate of speed. The vehicle was located in the 1200 block of Chase St unoccupied and blood was observed on the drivers seat. A blood trail was located from the vehicle and then stopped in the 1200 block of Chase St.

BLUE'S vehicle was located in the 4900 block of Sinclair Lane in Baltimore, Maryland. Mr. Powell was seated in the passenger's side seat. BLUE was not observed. At approximately 12:30 pm, your affiant observed BLUE exit from 4913 Sinclair lane and enter his vehicle. BLUE and Mr. Powell were stopped and detained.

Your affiant advised BLUE of his Miranda warnings. BLUE related that he understood his warnings. Your affiant then asked BLUE what house he just came out of. BLUE pointed to 4915 Sinclair Lane. Your affiant then asked BLUE if he wished to cooperate with Law Enforcement. BLUE advised that he wanted to assist police. Your affiant asked BLUE again what house he came from. BLUE again advised 4915 Sinclair Lane. Your affiant then advised BLUE that your affiant had just observed him exit from 4913 Sinclair Lane. BLUE stated I didn't come from that house and denied being in the house which your affiant had just observed BLUE exit from. Your affiant knows from training, experience and knowledge that it is common practice for CDS distributors to lie to police as to which house they just exited from because they store CDS and money inside of several locations. BLUE was asked if he meet with HOLT at Lake Montebello earlier this morning. BLUE advised that he did meet Holt to discuss a drug transaction. BLUE advised that he didn't sell any drugs to Holt. BLUE then asked if police arrested Holt. BLUE was asked if he drove to an apartment complex in White Marsh after he left the courthouse this morning. BLUE advised that he did not leave the city and sure did not go to White Marsh. Your affiant then advised BLUE that police had followed him to the Fox Hall Apartments located on Rosecrans Place in White Marsh. BLUE then admitted that he lied and did go to the apartment complex. BLUE was asked what apartment he entered. BLUE advised that he did not enter an apartment. Your affiant then advised BLUE that police had entered

Judge Initials KT

building 7. BLUE advised that he entered a different building. Your affiant knows from training, experience and knowledge that it is common practice for CDS distributors to lie to police as to which house they just exited from because they store CDS and money inside of several locations. Det. McShane had a clear and unobstructed view of BLUE entering and exiting building 7. Your affiant then advised BLUE that he has lied on several occasions and your affiant terminated the interview. BLUE was advised that he was under arrest for distribution of heroin for the incident which occurred on June 29, 2011. Search incident to arrest a set of keys were seized from Blue.

Sgt. Gialamas and his squad members then drove to Fox Hall Apartments where BLUE was observed entering. Law Enforcement then entered building 7 and began to place the keys into door locks to determine which apartment that BLUE had entered. It was determined that BLUE had keys that opened the door to Apartment 1-D in building 7. The address is 7 Rosecrans Place Apartment 1-D Nottingham, Maryland 21236. For officer safety police entered the apartment and secured the location.


V.   **Conclusion**

Based on the foregoing, it is respectfully submitted that there is probable cause to believe that the SUBJECT PREMISE, **4913 Sinclair Lane, Baltimore, Maryland 21206**, is being used to facilitate the distribution of suspected CDS, and that there will be found in the SUBJECT PREMISES the items set forth in attachment "A" hereto, which constitute evidence, fruits, and instrumentalities of the aforementioned violations of Maryland law.

WHEREFORE, in consideration of the facts presented, I respectfully request that this Court issue a search warrant for the SUBJECT PREMISES, **4913 Sinclair Lane, Baltimore, Maryland 21206** described herein and authorize the search and seizure of the items described in the respective attachment hereto.


Based on the foregoing, it is respectfully submitted that there is probable cause to believe that the SUBJECT PREMISE, **7 Rosecrans Place, Nottingham, Maryland 21236**, is being used to facilitate the distribution of suspected CDS, and that there will be found in the SUBJECT

Judge Initials _KF_
7/13/11
5PM

PREMISES the items set forth in attachment "A" hereto, which constitute evidence, fruits, and instrumentalities of the aforementioned violations of Maryland law.

WHEREFORE, in consideration of the facts presented, I respectfully request that this Court issue a search warrant for the SUBJECT PREMISES, **7 Rosecrans Place, Nottingham, Maryland 21236** described herein and authorize the search and seizure of the items described in the respective attachment hereto.

*[signature]*
William A. Bearde
Detective
Baltimore Police Department

Subscribed to and sworn to before me this 13th day of July, 2011.

*[signature]* Karen Friedman
Judge
District Court for Baltimore City

*8pm*

Judge Initials _____

## **Attachment A**

### **Items to be Seized**

a. Controlled dangerous substances (CDS) and paraphernalia used in the manufacture, preparation, packaging, or weighing of CDS in preparation for distribution, including, but not limited to, scales, packaging materials, and other chemical agents used to mix with CDS;
b. Firearms, ammunition, and indicia of gun possession;
c. Records of drug transactions including, but not limited to, books, ledgers, receipts, notes, and other papers relating to the manufacture, transportation, possession, and distribution of CDS and the profits derived from those transactions;
d. Financial records, financial instruments and other records or documents reflecting drug-trafficking activity or the disposition of drug proceeds, including, but not limited to, currency, bank checks, cashier's checks, Western Union receipts, money orders, stocks, bonds, jewelry, precious metals, and bank and real estate records;
e. Books, records and other documents that identify other co-conspirators, including, but not limited to: address books, telephone books, rolodexes, and notes reflecting telephone and pager numbers, and audiotape recordings of conversations, including those made over telephone answering machines;
f. Telephones, pagers, and personal digital assistants and any names, addresses, telephone numbers, and codes stored therein.
g. Documents or other records relating to state court proceedings involving other co-conspirators, including, but not limited to, charging documents and bail records;
h. Photographs (to include still photos, negatives, movies, slides, video tapes, and undeveloped film);
i. Records of travel including, but not limited to, tickets, transportation schedules, passports, notes and receipts related to travel, luggage tags, and motel/hotel receipts;
j. Identification documents;
k. Indicia of occupancy, residency, ownership or lease of the premises, including but not limited to keys, photographs, utility and telephone bills, other mail, and other documents; and
l. Safes, combination or key-lock strong boxes or other secure storage containers, suitcases, storage lockers, safety deposit boxes, locked cabinets and other types of locked or closed containers, and hidden compartments that may contain any of the foregoing.

Judge Initials _____

RETURN

I received the attached search warrant on *7/13/11* and have executed it as follows:

CC# GC-09-0181          District:VCIS          Post: Baltimore County

On *7/13/11* at approximately *2015* hours the search and seizure warrant was executed on the premises described in the warrant. A copy of the warrant, containing the inventory was left on the kitchen counter

Address: *7 Rosecrans place apartment 1-d, Nottingham, MD*

The following is an inventory of property taken to the warrant:

| |
|---|
| Plastic bag containing suspected heroin |
| White waxing chunk sub |
| 2 scales with residue |
| Empty sandwich bags |
| Mail for Brandon Cooper |
| Mail for Tiffany Elliott |
| Plastic bag containing white rock sub |

This inventory was made in the presence of: Sgt Gialamas

I swear that this inventory is a true and detailed account of all the property taken by me on the warrant.

*Affiant Det Jim McShane*

Subscribed, sworn to and returned before me this 27th day of July, 2011

The Honorable Judge _____