IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES | * |
| v. | * Crim. No. ELH-11-0508 |
| DANIEL BLUE | * |

* * * * * * * * * * * * *

DEFENDANT DANIEL BLUE'S MOTION FOR A NEW TRIAL
BASED ON NEWLY DISCOVERED EVIDENCE

Daniel Blue, by and through his attorneys, James Wyda, Federal Public Defender for the District of Maryland, and Sapna Mirchandani, Appellate Attorney, hereby moves this Honorable Court to grant a new trial in the above-referenced case based on newly discovered evidence. In support of his motion, Mr. Blue states as follows:

Following a jury trial, Mr. Blue was convicted of one count of possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1), and one count of conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 846. Mr. Blue was acquitted of a third count, charging him with possession with intent to distribute heroin in violation of § 841. On January 18, 2013, the district court sentenced Mr. Blue to ten years' imprisonment, the mandatory minimum term.

Mr. Blue timely filed a notice of appeal. He raised two issues on appeal: *first*, whether evidence recovered pursuant to the officers' warrantless search should have been excluded from trial; and *second*, whether the government presented sufficient evidence to prove that Mr. Blue constructively possessed drugs that were found in a third party's apartment where the evidence did not establish he knew either of the apartment's two residents. The parties finished briefing the case

in November 2013 and currently are awaiting notice regarding oral argument.

In April 2014, while Mr. Blue's appeal was pending, Sergeant Gialamas (who testified against Mr. Blue at trial) was convicted of official misconduct in an unrelated case. *State v. Marinos Gialamas*, Md. Circ. Ct. Case No. 212292001. The court sentenced Sergeant Gialamas, who is appealing the conviction, to six months of imprisonment (suspended), one year of probation, and 250 hours of community service.

On or about September 29, 2014, Mr. Blue independently learned of Sergeant Gialamas's conviction. Contemporaneous with the filing of this motion for a new trial, Mr. Blue has filed a motion in the Fourth Circuit Court of Appeals seeking an order staying the appeal and remanding the case to this court for further proceedings. *See* Fed.R.Crim.P. Rule 33(b)(1) ("If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case."

As this court may recall, the charges against Mr. Blue arose from observations made by Sergeant Gialamas, among others, on two different dates – June 29, 2011, and July 13, 2011. The evidence introduced in support of count two, of which Mr. Blue was acquitted, centered on Sergeant Gialamas testimony that on June 29th, he saw Mr. Blue walk down the sidewalk with an item in his hand and transfer the item to Keith Townsend (the subject of the surveillance), who was subsequently arrested and found in possession of heroin. Although Sergeant Gialamas was accompanied by another officer who saw Mr. Blue on the sidewalk, that officer did not observe an item in Mr. Blue's hand. Additionally, the police report memorializing the June 29th surveillance – which was prepared by the second officer and reviewed by Sergeant Gialamas – made no mention of there having been an item in Mr. Blue's hand.

At the close of the government's case, Mr. Blue moved this court under Rule 29 for judgment of acquittal on all counts. The court denied the motion as to count two, stating that there was "more than enough" evidence about the June 29th conduct to submit that count to the jury. However, the court deemed the motion as to counts one and three (involving the July 13th conduct) to be a "close" call. Ultimately, the court decided to reserve ruling on those counts. After the jury acquitted Mr. Blue of count two and convicted him of counts one and three, the court expressed its surprise at the verdict on count two, which it had deemed the strongest count. The court then denied the Rule 29 motion as to counts one and three. Its ruling depended, in part, on testimony provided by Sergeant Gialamas regarding his June 29th observations. The court noted that it was "a difficult case" and advised Mr. Blue that he had "a very good appellate issue."

As the court may also recall, before Mr. Blue's sentencing, the Maryland State's Attorney charged Sergeant Gialamas with misconduct and second-degree assault based on an incident that occurred in October 2011. At the sentencing hearing, counsel raised the matter, stating that "[u]nfortunately, at this point in time, any Motion for a New Trial is really not ripe because Sergeant Gialamas's trial is not until March 21st." Sent. Trans. at 2-4.[1] The court responded that it was "aware . . . about this issue involving the officer who testified in [Appellant's] case," but agreed that the issue was "not ripe." Sent. Trans. at 4. The court decided to proceed with sentencing, stating "[i]f it materializes, we will handle it in due course." Sent. Trans. at 7.

More than a year has passed since the issue of Sergeant Gialamas's credibility was deemed not ripe. In light of the recently discovered evidence of the sergeant's conviction, Mr. Blue seeks

---

[1] For the court's convenience, an excerpt of the sentencing transcript reflecting the discussion of Sergeant Gialamas is attached as an exhibit.

3

a new trial. The outcome of a new trial will alter, or possibly obviate, his appeal to the Fourth Circuit. Moreover, because the Court of Appeals will apply a *de novo* standard of review to the sufficiency argument, even if this court ultimately denies Mr. Blue a new trial, further proceedings are necessary to develop the factual record for appellate review.

WHEREFORE, Mr. Blue respectfully requests that this Honorable Court grant his motion for a new trial in light of the newly discovered evidence.

Respectfully submitted this 3rd day of October, 2014.

JAMES WYDA
Federal Public Defender for the
District of Maryland

　/s/　Sapna Mirchandani
SAPNA MIRCHANDANI
Appellate Attorney
Office of the Federal Public Defender
6411 Ivy Lane, Suite 710
Greenbelt, MD  20770
(301) 344-0600

*Counsel for Appellant*

CERTIFICATE OF SERVICE

      This is to certify that the foregoing Motion for a New Trial Based on Newly Discovered Evidence was filed electronically via CM/ECF, which automatically sends notice of such filing to the following registered CM/ECF user:

      John W. Sippel, Jr.
      Assistant U.S. Attorney
      Office of the U.S. Attorney
      36 South Charles Street, 4th Floor
      Baltimore, MD 21201

on this 3rd day of October, 2014.


                                                /s/ Sapna Mirchandani
                                                Sapna Mirchandani